1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY A. FISHER,

               Plaintiff,

    v.

SYSCO FOOD SERVICES OF SEATTLE,
INC.,

               Defendant.

No. C04-2440P

ORDER ON DEFENDANT'S
MOTIONS FOR SUMMARY
JUDGMENT

      This matter comes before the Court on two motions for partial summary judgment by Defendant Sysco Food Services of Seattle, Inc. ("Sysco"). (Dkt. Nos. 57 & 58). Having reviewed the materials submitted by the parties, the Court hereby DENIES Defendants' motions because genuine issues of material fact exist with respect to Plaintiff's claims for liability and damages. The reasons for the Court's order are set forth below.

**Background**

      Plaintiff Gary Fisher has brought claims against Sysco under the Washington Law Against Discrimination ("WLAD") and the Americans with Disabilities Act ("ADA"). Plaintiff worked for Sysco as a delivery driver from 1985 until February 2005.

      In April 2001, Plaintiff informed Sysco that he had been diagnosed with multiple sclerosis ("MS"). Plaintiff alleges that following his diagnosis, Sysco failed to accommodate his disability or to

ORDER - 1

engage in an interactive process with him.  Among other things, Plaintiff maintains that Defendants failed to limit his hours as recommended by his physicians and failed to reduce his exposure to heat. Plaintiff also alleges that Sysco subjected him to disparate treatment because of his disability, unlawfully retaliated against him, and subjected him to a hostile work environment.  In addition, Plaintiff contends that Sysco's conduct worsened his condition and exacerbated his MS symptoms.

Sysco maintains that the company made sufficient efforts to accommodate Plaintiff and denies taking any adverse actions against Plaintiff.  Sysco also argues that it could not limit Plaintiff's hours as he requested because working overtime is an essential function of the delivery driver position. Relying on evidence acquired Plaintiff left his job, Sysco also maintains that Mr. Fisher would have been subject to termination from his position because he: (1) did not disclose his MS diagnosis during medical exams that were required for maintaining his commercial driver's license (CDL); and (2) allegedly used a hand brake rather than a foot brake to slow his vehicle.

**Analysis**

**A.    Summary Judgment Standard**

Summary judgment is not warranted if a material issue of fact exists for trial.  Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).  The Court views the evidence in the light most favorable to the non-moving party.  Id.  "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.    ADA and WLAD Claims**

**Essential Functions.**  The parties dispute whether Mr. Fisher, with accommodation, could perform the essential functions of his job and whether he was denied reasonable accommodation.  The

ADA protects an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of an job.  42 U.S.C. § 12111(8); Morton v. United Parcel Service, Inc., 272 F.3d, 1249, 1252 (9th Cir. 2001).  The WLAD provides similar protections.  "Essential functions" are defined as the fundamental job duties of the employment position. 29 C.F.R. § 1630.2(n)(1); Morton, 272 F.3d at 1255.   Factors to consider when defining the essential functions of a job include the employer's judgment regarding the essential functions, written job descriptions, time spent performing the function, consequences of not requiring the employee to perform the function, and work experience of job holders.  29 C.F.R. § 1630.2(n)(3).  Here, Defendants maintain that an essential function of the delivery driver position was the ability to work overtime in amounts that exceeded the limitations requested by Plaintiff.  However, viewing the evidence in the light most favorable to Plaintiff, the Court finds that there are genuine issues of material fact regarding the essential functions of the delivery driver position.

**Interactive Process.**  Once an employee gives notice of his disability and a desire for accommodation, an employer has a mandatory obligation under the ADA to engage in an "interactive process" with the employee.  Barnett v. U.S. Air, Inc., 228 F.3d 1105 (9th Cir. 2000), vacated on other grounds, 535 U.S. 391 (2002).  The employer has an affirmative duty to (1) analyze the job (2) consult with the employee to identify what reasonable accommodations might be made (3) consult with the employee to determine the effectiveness of accommodations; and (4) take the employee's preference into account before selecting and implementing the accommodations.  Id. at 1114.  Under Washington law, the employer also has an obligation to engage in an interactive process to reasonably accommodate handicapped employees.  Davis v. Microsoft Corp., 149 Wn.2d 521, 547 (2003).  Here,

ORDER - 3

Plaintiff has offered sufficient evidence to raise genuine issues of material fact on whether Sysco

engaged in an interactive process with Plaintiff as required by the ADA and the WLAD.

**Retaliation, disparate treatment, and hostile work environment claims.**  ADA § 503

prohibits retaliation against employees who oppose discrimination prohibited by the ADA.  Brown v.

City of Tucson, 336 F.3d 1181, 1186 (2003).  A prima facie case of retaliation involves showing a

causal link between the adverse action and an employee's assertion of rights.  Id.  The WLAD has a

similar provision.  See Hines v. Todd Pacific Shipyards Corp., 127 Wn. App. 356, 374 (2005).  Both

the ADA and WLAD also prohibit an employer from taking an adverse employment action because of

an employee's disability.  Kees v. Wallenstein, 161 F.3d 1196, 1199 (9th Cir. 1998); Callahan v. Walla

Walla Housing Auth., 126 Wn. App. 812 (2005).  In addition, the WLAD provides a cause of action

for hostile work environment based on disability.  Robel v. Roundup Corp., 148 Wn.2d 35, 43-44

(2002).  The Ninth Circuit has not reached the issue of whether a hostile work environment claim may

be maintained under the ADA.  Brown v. City of Tucson, 336 F.3d 1181, 1190 (9th Cir. 2003).

Defendant suggests that Plaintiff's retaliation and disparate treatment claims must fail because

Sysco allegedly took no adverse actions against Plaintiff.  However, Plaintiff has offered sufficient

evidence to raise genuine issues of material fact as to whether Defendant took adverse employment

actions against him.  In addition, Defendant's motions do not specifically address Plaintiff's hostile

work environment claims.[1]  Therefore, summary judgment will be denied on these claims.

---

[1]  Plaintiff's complaint alleges that "[t]he working environment and escalating adverse
conditions under which FISHER has been required to work, and to which SYSCO has subject
FISHER are intolerable and hostile."  (Complaint ¶ 3.17).  However, it is not entirely clear whether
Plaintiff intends to maintain his hostile work environment claims under the WLAD, the ADA, or both.
The parties should address this issue in the pretrial order.

**After-Acquired Evidence.**  Employers may introduce evidence, discovered after the employee left work, of behavior that would have justified earlier termination.  The theory is that the employee suffered no legal injury because the employer had a nondiscriminatory reason to end the employment.  However, such evidence generally affects remedies rather than liability.  McKennon v. Nashville Banner Publishing, 513 U.S. 352, 361-62 (1995).

Here, Defendant has offered after-acquired evidence that goes to the issues of (1) whether, if revealed to medical examiners, Plaintiff's MS diagnosis would have disqualified him from medical certification for his CDL; and (2) whether his alleged use of a hand brake would have been grounds for dismissal.  In this case, whether Plaintiff's MS diagnosis would have affected his CDL certification is a disputed question of fact.  In addition, Plaintiff has offered evidence to raise questions of material fact on Sysco's claim that he improperly used a hand brake.  Therefore, summary judgment on these issues is not warranted.

**Statute of Limitations.**  Defendant maintains that Plaintiff's ADA claims must be limited to employment actions that took place after October 10, 2003, and that his WLAD claims are limited to employment actions that took place after November 18, 2001.  In response, Plaintiff argues that claims based on actions that occurred before those dates are preserved by the continuing violations doctrine.  Defendant offers no response to Plaintiff's argument in its reply brief.  As a result, the Court declines to enter summary judgment with respect to statute of limitations issues.

**C.    Damages Issues**

Sysco has moved for partial summary judgment on damages issues, arguing that (1) Plaintiff is not entitled to punitive damages; (2) Plaintiff is not entitled to lost-pay damages because he has been totally disabled since he left the company and cannot establish that this disability was proximately

caused by Sysco's acts; (3) Plaintiff's claims are barred by Washington's Industrial Insurance Act; and (4) Plaintiff is not entitled to lost wages and benefits because he would have been terminated when Sysco discovered he had used a hand brake rather than foot brake or when Sysco discovered Plaintiff had misrepresented his medical history on the CDL examination forms.

**Punitive damages.** Under the ADA, punitive damages are available if an employer discriminates "with malice or reckless indifference to the federally protected rights of an aggrieved [employee]." Kolstad v. American Dental Ass'n, 527 U.S. 526, 529-30 (1999). A finding of "malice or reckless indifference" depends upon the employer's state of mind. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has offered sufficient evidence to preclude summary judgment on this issue.

**Lost-pay damages.** Defendant argues that Plaintiff is not entitled to lost-pay damages because he has been "totally disabled" since he left Sysco and cannot establish that his total disability was proximately caused by Sysco's alleged wrongful acts. Defendant also argues that if Plaintiff claims he could continue working, then any award for lost pay must be dismissed because Plaintiff has not mitigated his damages.

Plaintiff maintains that Defendant misconstrues the nature of his claims for damages. Among other things, Plaintiff is seeking damages for harm allegedly caused by Sysco's acts and omissions when he was a driver, which he claims exacerbated his symptoms, hastened his total disability, and shortened his work life by three to five years. He states that he "is not seeking 'front pay' damages as if he could work after he left Sysco or at this time."[2] (Dkt. No. 69-2 at 4).

---

[2] Defendants argue that "[i]f Plaintiff claims he could continue working" after leaving Sysco, his claims for lost pay must be dismissed because he failed to mitigate damages by seeking alternate employment. (Dkt. No. 58 at 15). Because Plaintiff does not maintain that he could work after he left

1    Defendant alleges that Plaintiff provides no competent medical evidence that his increased

2    disability was proximately caused by Sysco's alleged failure to accommodate him.  However, viewing

3    the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has offered sufficient

4    evidence (particularly the expert testimony of Dr. Craig Smith) to create a genuine issue of material

5    fact on this issue.  The Court is also unpersuaded by Defendant's contention in its reply brief that Dr.

6    Smith's opinions should be excluded as lacking sufficient basis or foundation.  Therefore, summary

7    judgment on this issue is inappropriate.

8

9    **Industrial Insurance Act.**  Defendant contends that Washington's Industrial Insurance Act

10   bars Plaintiff's claims.  In response, Plaintiff argues that Defendant's position is inconsistent with

11   Washington law.  See Goodman v. Boeing, 75 Wn. App. 60 (1994).  Defendant does not address

12   Plaintiff's argument in its reply, and the Court finds that Defendant has not demonstrated that

13   summary judgment is appropriate on this issue.

14

15   **Plaintiff's alleged misconduct.**  Defendant argues that Plaintiff is not entitled to lost wages

16   and benefits because he would have been terminated when Sysco learned he had allegedly used a hand

17   brake or when Sysco learned that he had misrepresented his medical history.  The EEOC has issued

18   guidance regarding the application of the Supreme Court's decision in McKennon v. Nashville Banner

19   Publishing Co. to the ADA, indicating that damages for lost pay should be cut off at the time the

20   serious misconduct is discovered.  EEOC Guidance on After Acquired Evidence, Notice No. 915.002

21   (Dec. 14, 1995), 1995 Daily Lab. Rep. (BNA), at D29, § III(b)(1) (Dec. 15, 1995).  Under

22   McKennon, before an employer may use after-discovered evidence of wrongdoing to limit the damage

23

24

25   Sysco, the Court does not reach Defendant's argument regarding failure to mitigate damages.

ORDER - 7

award, it must first show that the wrongdoing was severe enough that the employee would have been terminated once the employer discovered it.  As Plaintiff notes, <u>McKennon</u> has been followed in Washington state.  <u>See</u> <u>Janson v. North Valley Hosp.</u>, 93 Wn. App. 892, 901 (1999).  In this case, whether Mr. Fisher's misrepresentations and alleged misconduct would have led to his termination is a disputed issue of fact.  Therefore, summary judgment on this issue is not warranted.

**D.  Motions to Strike**

Both parties have moved to strike evidence.  In general, the Court regards the motions to strike as moot for the purposes of ruling on the pending summary judgment motions.  Even if the Court excluded the evidence that Defendant has formally moved to strike, genuine issues of material fact would still preclude summary judgment.[3]  Similarly, summary judgment would be inappropriate even if the Court considers the evidence offered by Defendant that Plaintiff seek to strike.

**Conclusion**

The Court finds that Plaintiff has presented sufficient evidence to raise genuine issues of material fact with respect to his claims under the ADA and the WLAD.  Therefore, the Court DENIES both of Defendant's motions for partial summary judgment.

The clerk is directed to send copies of this order to all counsel of record.

Dated: June 13, 2006.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

---

[3]  The only evidence that Defendant has formally moved to strike is the report of Sue Ammeter.  (Dkt. No. 75 at 10).  As noted earlier, the Court is not persuaded by Defendant's argument that Dr. Smith's opinions should be excluded.

ORDER - 8